UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| KEITH ERIC AYALA, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:16-cv-272 |
| § | |
| LORIE DAVIS, § | |
| Respondent. § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Keith Eric Ayala's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Ayala's "Petition") and Respondent's "Motion for Summary Judgment with Brief in Support" (hereinafter, Respondent's "Motion"). Dkt. Nos. 1, 15. It is recommended that the Court grant Respondent's Motion, which would dismiss Ayala's Petition, because Ayala's claims are time-barred. It is further recommended that the Court not grant a certificate of appealability.

**I. Jurisdiction**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the petitioner is confined, or where his state conviction was obtained. *See* 28 U.S.C. §§ 2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Ayala was convicted in Cameron County, Texas.[1] Jurisdiction is, therefore, proper

---
[1] Dkt. No. 1 at 2; 14-5 at 51.

in this Court.  28 U.S.C. § 124(b)(5).

## II. Standard of Review

### A.  28 U.S.C. § 2254

Pursuant to 28 U.S.C. § 2254(d), a federal court can only grant habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] to a defendant convicted in state court, if the state's adjudication of his constitutional claims was: (1) contrary to, or involved an unreasonable application of clearly established federal law, as established by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011).  A state court's decision is contrary to clearly established federal law if that court applied a rule contradicting the governing law as set forth by the Supreme Court, or if it reached a different result from those cases on "materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  When a state court decision applies the correct Supreme Court rule to the facts of a particular case, a reviewing court must determine whether the state court's application of law was objectively unreasonable.  *See id.* at 409-11.

A reviewing court cannot issue a writ simply because it finds that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, that application must be unreasonable as well.  *Id.* at 411.  Courts determine reasonableness by determining whether no "fairminded jurists

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

could disagree" as to the application of the arguments and theories supporting the state court's decision to the applicable law. *See Harrington*, 562 U.S. at 102. The standard is "difficult to meet" because "it was meant to be." *Id.*

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," *not a* substitute for ordinary error correction through appeal.

*Id.* at 102-03. (emphasis added) (internal citations omitted).

Further, only the state court's "ultimate legal conclusion" is reviewed for unreasonableness. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). AEDPA's standard of review applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent][,]" even if that state court fails to cite or is unaware of such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). Finally, a state court's factual findings are presumed correct unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness also applies to unarticulated findings necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

### B. Ineffective Assistance of Counsel

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo*

*v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process. *Laffler v. Cooper*, ____ U.S. ____, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Laffler*, 132 S.Ct. 1376, 1385-1386.

In *Strickland v. Washington*, the Supreme Court announced that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must the courts address the test in the same order. *Id.* at 697. Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than look towards the "distorting effects of hindsight." *Id.* at 689. As such, counsel is strongly presumed to have performed

adequately, and made decisions using reasonable professional judgment. *Id.* at 690.

Additionally, the sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions. *Id.* at 691. As stated by the Supreme Court, an attorney's actions are usually based on information supplied by the defendant, and, for example, investigative decisions or potential lines of defense are followed based upon what the client has said. *Id.* Counsel's conversations with the defendant may then be critical to properly assessing his actions in the course of litigation. *Id.*

### III. Procedural History

On August 29, 2013, Keith Eric Ayala pleaded guilty to one count of "Assault Family Violence (Impede Breath)" in Cameron County, Texas. Dkt. No. 14-5 at 51. Judgment was entered on October 3, 2013. *Id.* Ayala did not directly appeal to the Texas Court of Appeals for the Thirteenth District. *See* Dkt. Nos. 1 at 3, 14.[3] Ayala filed a petition for habeas corpus with the Texas Court of Criminal Appeals, which was denied on December 16, 2015. Dkt. Nos. 14-5, 14-7. Ayala filed his instant Petition on October 13, 2016.[4] Dkt. No. 1. Respondent filed her Motion on January 23, 2017. Dkt. No. 15.

---

[3] Ayala marked that he directly appealed the judgment, but this appears to be an error as Ayala then marks the relevant portions "n/a," and there is no record of an appeal in the state court records submitted.

[4] Ayala indicates that he placed his Petition in the prison mailing system on October 13, 2016. Dkt. No. 1 at 10. The Court will consider his Petition filed on that date. *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system).

## IV. Discussion

Ayala's Petition explicitly alleges two claims. *See* Dkt. Nos. 1, 2. First, Ayala alleges that his attorney provided ineffective assistance of counsel because he failed to properly explain the provisions within Ayala's plea agreement. Dkt. Nos. 1 at 6, 2 at 2-4. Second, Ayala alleges that his guilty plea was involuntary based on misrepresentations made to him by his attorney. *Id.* In her Motion, Respondent argues that Ayala's claims are time-barred by the AEDPA's one-year statute of limitations, and that, to the extent that Ayala may claim he is actually innocent, Ayala failed to surpass his burden under *Schlup*. *See* Dkt. No. 15.

### A. Whether Ayala's Claims are Time-barred

Respondent argues that Ayala's statute of limitations period expired on November 4, 2014, and that Ayala did not file his state habeas petition until September 14, 2015. Dkt. No. 15 at 7. Respondent also argues that Ayala does not qualify for equitable tolling since: (1) an extraordinary circumstance did not stand in Ayala's way; and (2) Ayala did not diligently pursue his rights. *Id.* at 10-11.

Judgment against Ayala was entered on October 3, 2013. Dkt. No. 14-5 at 51. Therefore, the statute of limitations began on November 3, 2013, because Ayala did not directly appeal the judgment. *See* Dkt. Nos. 1 at 3, 14.[5] Ayala filed his state habeas petition on September 14, 2015. Dkt. No. 14-5 at 18. The Texas Court of Criminal Appeals denied Ayala's state habeas petition without written order on December 16, 2015, and Ayala's "postcard" was returned on January 19, 2016. *See*

---

[5] *See supra* n. 3.

Dkt. Nos. 14-6, 14-7. Ayala filed his instant petition on October 13, 2016.[6] Dkt. No. 1 at 10. Absent equitable tolling, Ayala filed his Petition nearly 19 months late and it should be dismissed as untimely.

A litigant seeking equitable tolling has the burden of showing that extraordinary circumstance stood in his way and that he has diligently pursued his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ayala appears to argue that equitable tolling should be applied to his Petition because he could not find an attorney that he could afford. *See* Dkt. No. 2 at 5. This is not a ground for equitable tolling. *See Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) (discussing that a delay in hiring an attorney shows a lack of reasonable diligence); *Manning v. Epps*, 688 F.3d 177, 184-85 (5th Cir. 2012) (". . . pro se petitioners are expected to comply with AEDPA's statute of limitations[.]"). Ayala's Petition, therefore, should be dismissed.

### B. Whether Ayala Made an Actual Innocence claim

In his Petition, Ayala did not claim actual innocence as a ground to overturn his state court conviction. *See generally* Dkt. No. 1. Instead, Ayala simply asserted his innocence by stating that "he is actually innocent of the crime." Dkt. No. 2 at 2. A prisoner asserting an actual innocence claim must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty. *See House v. Bell*, 547 U.S. 518, 536-37 (2006). Ayala has not offered newly discovered evidence, or even an argument as to why a reasonable juror would have found him not guilty. *See generally* Dkt. Nos. 1, 2. Therefore,

---

[6] *See supra* n.4.

Ayala has failed to establish actual innocence, and his claim should be dismissed.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Ayala has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the reasons above, it is recommended that the Court **GRANT** Respondent's Motion, and **DISMISS** Ayala's Petition with prejudice. It is further recommended that the Court not grant a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 4th day of May, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**